UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SLAUGHTER,<br>Plaintiff,<br>v.<br>KYAKAMEENA SKILLED NURSING FACILITY,<br>Defendant. | Case No. 23-cv-03326-HSG<br>**ORDER OF DISMISSAL** |

Plaintiff has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
5   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a
6   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
7   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
8   U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff brings two claims against Kyakameena Skilled Nursing Facility on behalf of his grandmother, who was a resident at the facility.

First, Plaintiff is pursuing a wrongful death claim against Kyakameena Skilled Nursing Facility. Plaintiff alleges that, in January 2021, Kyakameena Skilled Nursing Facility's Director of Nursing breached the standard of care by failing to act, and, as a result, his grandmother contracted, and died of, COVID.

Second, Plaintiff brings a "failure to treat" / negligence claim against Kyakameena Skilled Nursing Facility, alleging that they failed to prevent his grandmother from having stage 4 pressure sores.

The Court DISMISSES the complaint because it suffers from numerous deficiencies.

First, the claims alleged are state law claims. *See, e.g., Norgart v. Upjohn Co.,* 21 Cal.4th 383, 390 (1990) (setting forth elements of California wrongful death claim). Because Plaintiff has not stated a violation of either the federal Constitution or federal law, Plaintiff has not stated a claim pursuant to 42 U.S.C. § 1983. *West*, 487 U.S. at 48 (Section 1983 claim requires allegation of violation of federal law or federal Constitution).

Second, this Court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, federal subject matter jurisdiction exists due to the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. A federal question exists

where the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction exists where the civil matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). This case does not raise a federal question because Plaintiff is seeking to bring state law claims and has not brought any claim regarding the federal Constitution or federal law. This case lacks diversity jurisdiction because the parties are both residents of California. Kyakameena Skilled Nursing Facility appears to be located in the state of California.

The Court dismisses this case without leave to amend because amendment would be futile based on what Plaintiff has already pled. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action without leave to amend. The Clerk shall enter judgment in favor of Defendants and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated: 9/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge